IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV61-03-MU

| | |
|---|---|
| JAMES PHILLIP MEGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA and ) | |
| RICK JACKSON, Superintendent of ) | |
| Lanesboro Correctional Institute, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 13, 2006. (Document No. 1.)

Plaintiff's § 1983 Complaint alleges that "[t]he North Carolina Supreme Court abused its descretion [sic] in dismissal of pre-se Petitioner's Petition for plain error review without comment, in which he colorably complained he was denied his Sixth Amendment right to counsel by his attorney erroneously advising his stipulation to the non-statutory child present during commission of felony offense aggravating factor, when evidence available clearly showed child about sixty feet away, asleep in her bedroom at the opposite end of the mobile home, never put in danger and not even awaken [sic] by the single gun shot, which was fired in the opposite direction." (Complaint at 4.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Plaintiff's Complaint does not state a cognizable cause of action under 42 U.S.C. § 1983. Instead, based on the nature of Plaintiff's Complaint, this Court concludes that Plaintiff is attempting to file a habeas petition collaterally

attacking his state court conviction. State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. § 2254.

Therefore, this Court will dismiss this action as the Complaint fails to state claim for relief pursuant to § 1983 and directs the Clerk to send Plaintiff the appropriate forms on which to file a § 2254. Plaintiff is further advised that actions filed pursuant to § 2254 are subject to a one year limitations period and Plaintiff must exhaust his state remedies prior to filing a 2254 petition in federal court.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that

1) Plaintiff's Complaint is Dismissed for failure to state a claim for relief;

2) The Clerk shall send Plaintiff the forms to file a 2254 petition.

**SO ORDERED**.

Signed: February 16, 2006

Graham C. Mullen
United States District Judge